IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

R. CHARLES PEARSON,                          3:12-CV-00720-BR

          Plaintiff,

                                             OPINION AND ORDER

v.

CLACKAMAS COUNTY, a political
subdivision of the State of
Oregon, and CAMPBELL GILMOUR,
individually and in his
official capacity as Director
of the Department of
Transportation and
Development,

          Defendants.


RICHARD C. BUSSE
Busse & Hunt
621 S.W. Morrison Street
Suite 521
Portland, OR 97205
(503) 248-0504

          Attorneys for Plaintiff


1 - OPINION AND ORDER

**STEPHEN LEWIS MADKOUR**
Clackamas County Counsel
**ALEXANDER GORDON**
Assistant Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045
503-655-8362 97204
(503) 499-4573

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion (#7) to Compel Arbitration and Stay Proceedings.  For the reasons that follow, the Court **DENIES** Defendants' Motion.


<u>**FACTUAL BACKGROUND**</u>

      The following facts are taken from Plaintiff's Second Amended Complaint and the parties' filings related to the Motion to Compel Arbitration and Stay Proceedings and are undisputed unless otherwise noted.

      Although it is not clear, it appears Plaintiff R. Charles Pearson is alleging he was a Clackamas County Surveyor who served as an independent contractor "on a contractual and elected basis" between 1997 and 2002.  In January 2003 Plaintiff became "an employee" of Defendant Clackamas County as a Surveyor.

      On December 24, 2002, Plaintiff signed an employment agreement with Clackamas County that provided in pertinent part:

2 - OPINION AND ORDER

8.   **Termination.**   This Agreement and Employee's employment may be terminated as follows:

a.   **Voluntary Termination**.

(1)   Employer shall have the right to terminate this Agreement and Employee's employment for any reason without cause upon giving not less than 30 calendar days' written notice or, in lieu of such notice, upon the lump sum payment of an amount equal to Employee's regular salary for the 30 calendar days. Employer shall also be required to continue payment of Employee's salary for *an additional 7 calendar days for each additional full year of service* (*e.g.* Employee must complete a full second year of service to qualify for an additional 7 days) *to a maximum of 90 calendar days* (60 if the Employee receives a lump-sum payment, with the salary to start at the end of the period covered by the lump-sum payment), but Employer shall only be required to provide the benefits furnished under Paragraph 6 through the end of the month in which Employee actually ceases to perform work for Employer.  Employee's years of service with Employer as a classified employee and as an elected official shall be counted as year of service in this calculation.

* * *

14.   **Arbitration.**   All disputes arising out of this Agreement, including the meaning or effect of any of its provisions, or any aspect of the employment relationship (*exclusive of totally statutory or constitutional rights*) shall be resolved by final and binding arbitration.  In any such dispute and request for arbitration, the parties shall submit a request to the American Arbitration Association for a list of five arbitrators maintaining their primary residence in Oregon.  Upon receiving the list, the parties

shall alternately strike one name each, until one
name remains on the list, with Employee striking
first.  The arbitrator so chosen shall be subject
to the voluntary Labor Arbitration Rules of the
American Arbitration Association and the Code of
Professional Responsibility promulgated by the
National Academy of Arbitrators.

In consideration of this agreement to submit
to final and binding arbitration, Employer and
Employee also waive the right to submit any such
dispute to government agencies or the courts.
Each party shall bear its own costs and any
attorney fees in any arbitration proceeding.  *Each
party shall also be responsible for one-half of
the arbitrator's and any separate arbitration and
recording fees,* PROVIDED, HOWEVER, that the
Employer shall be solely responsible for the
arbitrator's fees if Employee is the "prevailing
party."  Any dispute as to the "prevailing party"
shall be resolved by the' arbitrator who heard the
initial dispute.

Decl. of Alexander Gordon, Ex. 2 at 3, 4 (italicized emphasis

added).

On March 11, 2011, Plaintiff expressed concern to Defendant

Campbell Gilmour, Director of the Clackamas County Department of

Transportation and Development,

about the personal changes and budget cuts
Defendant Gilmour was proposing to the Office of
the County Surveyor, of the legal implications of
those changes and cuts, their impact on the
ability of the County Surveyor to perform the
duties imposed directly on that office by Oregon
state statutes, and of the resultant legal
liabilities to the County which could ensue.

Second Am. Compl. at ¶ 13.

On June 30, 2011, Defendants provided Plaintiff with a new

employment agreement for his review, which provided in pertinent

4 - OPINION AND ORDER

part:

    8.  **Termination.**  This Agreement and Employee's employment may be terminated as follows:

      a.  **Termination Without Cause.**

        (1)  **By Employer**.  Employer shall have the right to terminate this Agreement and Employee's employment for any reason without cause upon giving not less than thirty (30) calendar days' written notice (or, in lieu of such notice, by providing for a lump-sum payment to Employee of an amount equal to Employee's regular salary for the 30 calendar days).  Employer shall also be required to continue payment of Employee's salary for *one-hundred eighty (180) calendar days (one-hundred fifty (150) days if the Employee receives a lump-sum payment in lieu of notice as described above)*.  Employer shall only be required to provide the benefits furnished under Paragraph 6 through the end of the month in which Employee actually ceases to perform work for Employer, *except for Employer-provided medical and dental insurance and EAP coverage, which shall be provided for the 150 or 180 calendar days referred to above (including family coverage if so enrolled)*.

* * *

    15.  **Arbitration.**  All disputes arising out of this Agreement, including the meaning or effect of any of its provisions, or any aspect of the employment relationship or termination of employment, shall be resolved by final and binding arbitration.  In any such dispute and request for arbitration, the parties shall submit a request to the United States Arbitration and Mediation, Inc., Portland, Oregon office, as arbitration administrator, for a list of five arbitrators maintaining their primary residence in Oregon.

Upon receiving the list, the  parties shall
alternately strike one name each, until one name
remains on the list, with the Employee striking
first. The rules of the arbitration administration
shall govern.

In consideration of this agreement to submit
to final and binding arbitration, Employer and
Employee also waive the right to submit any such
dispute to government agencies or the courts.
*Each party shall bear its own costs and attorney
fees in any arbitration proceeding, provided,
however, that the arbitrator shall possess the
discretion to award attorney fees and/or costs to
the prevailing party where provided by statute.*
Any dispute as to the "prevailing party" shall be
resolved by the arbitrator who heard the initial
dispute.  Employer shall be solely responsible for
the arbitrator's fees and any separate arbitration
and recording fees.

Gordon Decl., Ex. 1 at 1, 2 (italicized emphasis added).

Plaintiff testifies in his Declaration that Gilmour advised

Plaintiff on July 5, 2011, that Gilmour needed Plaintiff's

signature on the 2011 Employment Agreement by noon on July 6 "to

enable enough time to prepare my final paycheck."  Decl. of

Charles Pearson at ¶ 2.

On July 6, 2011, Plaintiff signed and returned the 2011

Employment Agreement.

On July 13, 2011, Plaintiff met with Gilmour, Clackamas

County Administrator Steven Wheeler, and Clackamas County

Director of Employee Services "Ms. Drury" and "was told [he] was

being terminated and given a termination letter."  Pearson Decl.

at ¶ 3.  Plaintiff testifies "after Mr. Wheeler informed me that

I was being terminated, he took out a copy of the [2011]

6 - OPINION AND ORDER

Employment Agreement and signed it in my presence."  Pearson
Decl. at ¶ 3.


## PROCEDURAL BACKGROUND

On December 6, 2011, Plaintiff filed a complaint in
Clackamas County Circuit Court related to his termination.[1]

At some point before March 13, 2012, Defendants moved in
state court to compel arbitration of Plaintiff's claim and to
stay the matter pending arbitration.

On March 13, 2012, Clackamas County Judge James C. Tait
issued an order denying Defendants' motion to stay trial and to
compel arbitration.  Judge Tait, "having heard arguments of
counsel, and being fully advised in the premises, [found] the
arbitration provision unconscionable under Oregon law."  Decl. of
Jeannette A. Vaccaro, Ex. B at 1.

On April 12, 2012, Plaintiff filed an amended complaint in
state court in which Plaintiff brought claims against Defendants
for age discrimination in violation of Oregon Revised Statute
§ 659A.030, retaliation for Plaintiff's exercise of his First
Amendment right to free speech, and violation of Plaintiff's
right to freedom of speech guaranteed under the Oregon
Constitution.

---

[1] The original complaint is not attached to the Notice of
Removal and is not in the record before this Court.

7 - OPINION AND ORDER

On April 23, 2012, Defendants removed the matter to this Court on the basis of federal-question jurisdiction.

On May 11, 2012, Plaintiff filed a Second Amended Complaint in this Court in which he withdrew his claim against Defendants for violation of the Oregon Constitution.

On May 14, 2012, Defendants filed a Motion to Compel Arbitration and to Stay Proceedings.  On August 9, 2012, the Court heard oral argument on the Motion and directed the parties to file supplemental briefing on the issue of this Court's jurisdiction to compel arbitration in this matter.

The parties filed supplemental briefing on August 31, 2012.

## STANDARDS

Congress enacted the Federal Arbitration Act (FAA), 9 U.S.C. §1, *et seq.,* to "advance the federal policy favoring arbitration agreements." *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008).  The FAA provides arbitration agreements generally "shall be valid, irrevocable, and enforceable." *Id. See also* 9 U.S.C. § 2.  The court must "rigorously enforce" arbitration agreements and "must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)(citing *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985)).  Accordingly, the court's task is to "determine

(1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lowden*, 512 F.3d at 1217 (citation omitted). *See also Simula*, 175 F.3d at 720.

If the court determines there are unresolved issues of fact as to the formation of the arbitration agreement, the court must "proceed summarily" to a jury trial on the merits. 9 U.S.C. § 4. *See also Sanford v. Memberworks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007). If the court determines the matter is subject to arbitration, it may either stay the matter pending arbitration or dismiss the matter. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). *See also* 9 U.S.C. §§ 3, 4.

## DISCUSSION

### I.   Parties' Positions

Defendants move to compel arbitration of this matter under the FAA pursuant to the provision in the 2011 Employment Agreement that requires arbitration of "[a]ll disputes arising out of this Agreement, including the meaning or effect of any of its provisions, or any aspect of the employment relationship or termination of employment."

According to Plaintiff, the Court should deny Defendants' Motion because the state court already held the arbitration provision in the 2011 Employment Agreement is unconscionable and

this Court should give the state-court decision preclusive effect
based on the principles of *res judicata* and/or issue preclusion
in order to prevent, in effect, Defendants to appeal the state-
court decision in this Court.  In the alternative, Plaintiff
contends this Court also should find the arbitration clause at
issue is unconscionable.

Defendants assert the state court's denial of their original
motion to compel arbitration does not apply to bar Defendants'
present Motion.

## II.   Application of *Res Judicata* or Issue Preclusion

Plaintiff contends Defendants may not "re-raise" the issue
of arbitration in this Court because a motion to compel
arbitration is not renewable after removal.

> "After removal, the federal court takes the case
> up where the State court left it off." *Granny
> Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436
> (1974)(internal quotation marks omitted).  "The
> federal court . . . treats everything that
> occurred in the state court as if it had taken
> place in federal court."  *Butner v. Neustadter*,
> 324 F.2d 783, 785 (9th Cir. 1963).  Consequently,
> an order entered by a state court "should be
> treated as though it had been validly rendered in
> the federal proceeding."  *Id.* at 786.

*Carvalho v. Equifax Info. Svcs., LLC,* 629 F.3d 876, 887 (9th Cir.
2010).  Notwithstanding this rule, Defendants point out that the
Ninth Circuit has allowed renewed motions for summary judgment
after removal on the ground that "an order denying a motion for
summary judgment is generally interlocutory and subject to

reconsideration by the court at any time." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74 (9th Cir. 1979). Because a motion for summary judgment would be renewable whether the matter remained in state court or was removed to federal court, Defendants assert orders denying motions to compel arbitration should be renewable at any time including after removal because such orders have also been described as interlocutory.

Under Oregon law, which applied to Defendants' motion to compel when it was filed in state court, orders denying motions to compel arbitration are immediately appealable to the Oregon Court of Appeals. Or. Rev. Stat. § 36.730(1)(a). The Oregon Supreme Court has held immediate appeal under Oregon Revised Statute § 36.730(1)(a) is "the exclusive means for appealing from an order denying a petition to compel arbitration." *Snider v. Prod. Chem. Mfg., Inc.*, 348 Or. 257, 267 (2010). In *Snider* the plaintiff filed an action for breach of contract. Seven months later the defendant filed a petition to compel arbitration. The trial court denied the defendant's petition on the ground that the defendant waived its right to arbitrate. The case proceeded to trial, the jury returned a verdict in favor of the plaintiff, and the trial court entered a judgment in the plaintiff's favor. *Id.* at 260. On appeal, the defendant asserted the trial court erred when it denied the defendant's petition to compel arbitration. The Oregon Court of Appeals concluded Oregon

Revised Statute § 36.730 provided the exclusive means to appeal
the trial court's order denying the defendant's petition to
compel arbitration and that the statute requires any appeal of an
order denying a motion to compel arbitration to be filed within
30 days of the date the order is issued.  Consequently, the
Oregon Court of Appeals also concluded it lacked jurisdiction to
consider the defendant's assignment of error as to the petition
to compel arbitration.  *Id.*  As noted, the Oregon Supreme Court
affirmed and held immediate appeal under § 36.730(1)(a) is "the
exclusive means for appealing from an order denying a petition to
compel arbitration." *Id*. at 267.  The Oregon Supreme Court
concluded

> the time to take an interlocutory appeal pursuant
> to ORS 36.730 is limited. . . .  If a party were
> free to wait until the entry of the general
> judgment to challenge an order denying a petition
> to compel arbitration . . . it would undercut the
> legislature's directive that an appeal from that
> order must be taken within 30 days.
>
>                    * * *
>
> ORS 36.730 authorizes an . . . interlocutory
> appeal if a trial court rejects arbitration in
> favor of trial, but it does not authorize an
> interlocutory appeal if a trial court sends the
> case to arbitration instead of trial.  We infer
> from that choice that the legislature wanted to
> have the issue of arbitrability be decided quickly
> and *finally* before the parties went to the expense
> and effort of trying their case in court.

*Id*. (emphasis added).  Moreover, Oregon courts also have held
appeal of an order denying a motion to compel arbitration divests

the trial court of jurisdiction as to the issue of arbitration. *See, e.g., Assisted Living Concepts, Inc. v. Fellows*, 244 Or. App. 475, 483 (2011) (The plaintiff's "appeal of the trial court's order denying its motion to compel arbitration . . . divested [the trial court] . . . of jurisdiction.").

Finally, various federal courts have held under similar circumstances that orders denying motions to compel arbitration are final decisions for purposes of *res judicata* or claim preclusion in a federal proceeding. *See, e.g.*, *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 350 (9th Cir. 1984)(citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 11 (1983)(state-court determination of arbitrability under the state arbitration law would be *res judicata* in the federal courts)); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 637 F.2d 391, 397, 98 (5th Cir. 1981)(if a prior state determination that a dispute was not arbitrable was a final order, it would be *res judicata* even if rights under the federal act were not asserted in the state court); *Manes Org., Inc. v. Standard Dyeing & Finishing Co.*, 472 F. Supp. 687 (S.D.N.Y. 1979) (state-court order compelling arbitration was *res judicata* in a subsequent federal action for a stay of arbitration pending adjudication of the merits).

Under Oregon law, therefore, the exclusive means for review of the state court's decision denying Defendants' motion to

13 - OPINION AND ORDER

compel arbitration was to appeal the matter to the Oregon Court
of Appeals within 30 days of the trial court's order, and during
the pendency of that appeal the trial court would have been
divested of jurisdiction pending further order by the appeallate
court.

    As noted, the state court issued its order denying
Defendants' motion to compel arbitration on March 13, 2012, and
the time for Defendants to file an appeal of that decision under
§§ 36.730(2) and 19.255(1) expired on April 13, 2012.  Because
Defendants did not appeal that order, it became final for
purposes of *res judicata* at that time notwithstanding Defendants'
removal of the matter to this Court ten days later on April 23,
2012.  Under these circumstances, the Court concludes the state-
court order was a final decision with preclusive effect on the
issue of arbitration when the matter was removed to this Court
because the state-court order denying Defendants' motion to
compel arbitration became a final order in state court before
removal.

    Nevertheless, even though the state-court order became final
before Defendants removed the matter to this Court, Defendants
assert they may again raise the issue of arbitration in this
Court because they sought to compel arbitration in state court

under § 2 of the FAA,[2] but now they seek to compel arbitration
under § 4 of the FAA.[3]  According to Defendants, therefore, *res
judicata* does not apply to bar Defendants' Motion.  Defendants
rely on two cases to support their assertion that they may now
revisit this issue:  *Preaseau* and *Bagdasarian Productions, LLC v.
Twentieth Century Fox,* 673 F.3d 1267 (9th Cir. 2012), both of
which the Court concludes are distinguishable from this matter.

    In *Preaseau* the plaintiff was a beneficiary under two group
insurance policies.  The plaintiff filed an action in California
state court seeking recovery of benefits under one of the
policies.  The defendant moved for summary judgment, and the
state court denied the motion.  591 F.2d at 76.  After various
pretrial rulings, the defendant removed the matter to federal
court and again moved for summary judgment.  The plaintiff, in
turn, moved to remand the matter to state court.  The district

---

    [2] 9 U.S.C. § 2 provides in pertinent part:  "A written
provision in any . . . contract evidencing a transaction
involving commerce to settle by arbitration a controversy
thereafter arising out of such contract . . . shall be valid,
irrevocable, and enforceable, save upon such grounds as exist at
law or in equity for the revocation of any contract."

    [3] 9 U.S.C. § 4 provides in pertinent part:  "A party
aggrieved by the alleged failure, neglect, or refusal of another
to arbitrate under a written agreement for arbitration may
petition any United States district court which, save for such
agreement, would have jurisdiction under Title 28, in a civil
action . . . of the subject matter of a suit arising out of the
controversy between the parties, for an order directing that such
arbitration proceed in the manner provided for in such
agreement."

court denied the motion to remand and granted the defendant's
motion for summary judgment.  The plaintiff appealed.  On appeal
the Ninth Circuit concluded the district court did not abuse its
discretion when it re-examined the summary-judgment issue:

> [As a general] rule[,] . . . an order denying a
> motion for summary judgment is generally
> interlocutory and subject to reconsideration by
> the court at any time.
>
> Recognizing that federal procedures govern a
> removed action and that we are to treat the state
> court's denial of summary judgment "as if it had
> taken place in federal court," *Castner* and its
> progeny indicate that the federal court, within
> its discretion and for "cogent" reasons, could
> grant summary judgment notwithstanding the earlier
> denial by the state court.

*Id*. at 79-80 (quotations and citations omitted).

As already noted, however, unlike orders denying motions for
summary judgment, orders denying motions to compel arbitration
are immediately appealable under both federal and Oregon law.
*See* 9 U.S.C. § 16 and Or. Rev. Stat. § 36.730(1)(a).  Thus,
because the nature of a denial of a motion for summary judgment
is fundamentally different from that of the denial of a motion to
compel arbitration, *Preaseau* is not helpful here.

In *Bagdasarian* the parties entered into an agreement that
included an arbitration clause.  The plaintiffs brought an action
against the defendant in federal court alleging, among other
things, breach of contract.  673 F.3d at 1270.  The defendant
moved to compel arbitration, and the district court granted the

16 - OPINION AND ORDER

motion and stayed the case.  Upon the plaintiffs' interlocutory
appeal of the district-court decision, the Ninth Circuit
"declined to treat the [district-court] order as sufficiently
final to permit immediate appeal." *Id.* at 1272.  In the
alternative, the Ninth Circuit concluded the collateral-order
doctrine was not applicable because the decision to refer the
matter to arbitration could be reviewed and "[a]n appellate court
may later remedy an improper referral to arbitration by vacating
the award and remanding for district court proceedings on the
merits." *Id.* at 1273.  As noted, both FAA § 16 and Oregon
Revised Statute § 36.730 provide an order *denying* a motion to
compel arbitration is immediately appealable and, therefore,
final for purposes of *res judicata* or issue preclusion.  Neither
statute, however, provides an order *granting* a motion to compel
arbitration is immediately appealable or, as the Ninth Circuit
concluded, sufficiently final to permit appeal or, presumably,
for purposes of applying *res judicata*.  Accordingly, the Court
concludes *Bagdasarian* also is not helpful to resolve Defendants'
Motion under the circumstances of this case.

Moreover, although Defendants insist the state-court denial
of arbitration is not subject to *res judicata* or claim preclusion
because Defendants brought their motion in state court under § 2
of the FAA and the Motion before this Court is brought pursuant
to § 4 of the FAA, the Court is not persuaded.

17 - OPINION AND ORDER

"Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)(citation omitted). The issue Defendants seek to relitigate in this Court is whether this matter must be arbitrated. That is the same issue Defendants litigated before the state court. The state-court order denying Defendants' petition to compel arbitration became final when Defendants failed to appeal within the time and in the manner required by §§ 36.730 and 19.255. Although Defendants seek to bring this issue before this Court under a provision of the FAA that is different than the one on which Defendants brought the issue before the state court, the difference in the procedural mechanism does not negate the fact that Defendants seek to relitigate the very issue that the state court decided and that Defendants did not timely appeal.

## III. *Rooker-Feldman* Doctrine

In addition to *res judicata* principles, the Court concludes it may be precluded from reviewing the final decision of the state court by the *Rooker-Feldman* Doctrine, which prohibits federal courts from reviewing final determinations of state courts. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).

*Rooker-Feldman* is a jurisdictional doctrine rather than a

18 - OPINION AND ORDER

*res judicata* doctrine.  *Olson Farms, Inc. v. Barbosa*, 134 F.3d
933, 937 (9th Cir. 1998).  In *Robinson v. Ariyoshi*, the court
explained:

> [T]he *res judicata* requirement of full and fair
> opportunity to litigate and the *Feldman*
> 'inextricably intertwined' barrier are two sides
> of the same coin.  Under the rubric of either
> 'jurisdiction' or '*res judicata*,' the crux of the
> question is whether there has already been actual
> consideration of and a decision on the issue
> presented.  If consideration and decision have
> been accomplished, action in federal court is an
> impermissible 'appeal' from the state court
> decision.  If no consideration has been given, or
> any decision on the matter is ambiguous, it is
> unlikely that the issues presented to the state
> high court and to the federal court are so
> 'inextricably intertwined' that the federal court
> cannot take jurisdiction.  Nor is it likely that
> there will have been a full enough and fair enough
> opportunity for litigation to warrant the claim
> preclusive effect of res judicata.

753 F.2d 1468, 1472 (9th Cir. 1985), *vacated on other grounds by*
477 U.S. 902 (1986).

Under the *Rooker-Feldman* Doctrine, federal district courts
lack jurisdiction over cases that essentially seek review of
state-court decisions.  *Craig v. State Bar of Cal.*, 141 F.3d
1353, 1354 n.1 (9th Cir. 1998).  The doctrine bars direct review
by federal courts of issues actually decided by state courts as
well as consideration of any claim "inextricably intertwined"
with the state-court decision.  *Id*.

A number of courts have addressed the applicability of the
*Rooker-Feldman* Doctrine in the context of a motion to compel

arbitration.   For example, in *American Reliable Ins. Co. v. Stillwell*, the appellees filed an action in state court against the appellants for various claims relating to the appellees' homeowners policy.   336 F.3d 311, 314 (4th Cir. 2003).   The appellants filed a motion to compel arbitration and to stay proceedings pursuant to the FAA in state court.   *Id*.   The state court denied the appellants' motion to compel arbitration on the ground that the homeowners policy was "'a contract of adhesion' and . . . Appellants proffered no evidence that the parties to this contract knowingly bargained for an arbitration clause." *Id*. at 315.   The appellants then filed an action in federal court seeking to compel arbitration of the appellee's claims under the FAA.   *Id*.   The district court concluded the appellants' federal action "was the 'functional equivalent' of an appeal from . . . [the] state court decision denying arbitration . . . [and, therefore, the district court] was precluded by the *Rooker–Feldman* Doctrine from considering an identical motion to compel arbitration and dismissed the action for lack of subject matter jurisdiction." *Id*.   The Fourth Circuit affirmed:

> The *Rooker–Feldman* doctrine . . . preserves a
> fundamental tenet in our system of federalism
> that, with the exception of habeas cases,
> appellate review of state court decisions occurs
> first within the state appellate system and then
> in the United States Supreme Court.   A litigant
> may not circumvent these jurisdictional mandates
> by instituting a federal action which, although
> not styled as an appeal, amounts to nothing more
> than an attempt to seek review of [the state

> court's] decision by a lower federal court.  For
> purposes of *Rooker-Feldman*, the controlling
> question  . . . is whether a party seeks the
> federal district court to review a state court
> decision and thus pass upon the merits of that
> state court decision.
>
> We agree with the district court's conclusion that
> Appellants' federal action was the functional
> equivalent' of an appeal from the . . . state
> court decision.  Appellants sought a federal court
> order requiring the arbitration of the Stillwells'
> state claims, precisely the same ruling denied to
> Appellants in state court.  That is, Appellants
> were asking the federal courts to reach the
> "correct" result that they believe was denied in
> state court.  *Rooker-Feldman* generally applies
> when a state-court litigant sues in federal
> district court to readjudicate the same issues
> decided in the state court proceedings.

*Id*. at 316-17 (internal citations and quotations omitted).

Similarly, in *International Cement Aggregates, Inc. v. Antilles Cement Corp*. the plaintiff filed a complaint against the defendants in state court.  62 F. Supp. 2d 412, 413 (D.P.R. 1999).  The defendants counterclaimed for breach of contract and specific performance of the contract.  The plaintiff moved to dismiss the defendants' counterclaim for breach of contract on the ground that it was subject to an arbitration provision in the parties' contract.  The state court denied the plaintiff's motion.  *Id*. at 414.  The defendants then filed an action in federal court pursuant to § 4 of the FAA seeking an order compelling the defendants to arbitrate their counterclaim for breach of contract.  *Id*.  The district court dismissed the matter on the ground that "the *Rooker-Feldman* doctrine mandates

21 - OPINION AND ORDER

dismissal of [the action] for lack of subject-matter

jurisdiction." *Id*. The court reasoned:

> Lower federal courts generally do not have
> jurisdiction to review state court decisions;
> rather, jurisdiction to review such decisions lies
> exclusively with superior state courts and,
> ultimately, the United State Supreme Court. This
> principle is known as the *Rooker-Feldman* doctrine.
> In upholding the doctrine, the Supreme Court
> stated:
>
>> [L]ower federal courts possess no power
>> whatever to sit in direct review of state
>> court decisions. If [the party seeking
>> relief] was adversely affected by the state
>> court's decision, it was free to seek
>> vindication of its federal right in the
>> [state] appellate courts and ultimately, if
>> necessary, in this Court.
>
> *Atlantic Coast Line R. Co. v. Brotherhood of
> Locomotive Eng'rs*, 398 U.S. 281, 296 (1970); *see
> also* 28 U.S.C. § 1257.
>
> As the Court explained, in this nation we have two
> "essentially separate legal systems." *Id*. at 286.
> The Supreme Court continued: "[T]his dual system
> could not function if state and federal courts
> were free to fight each other for control of a
> particular case. Thus, in order to make the dual
> system work and to prevent needless friction
> between state and federal courts, it was necessary
> to work out lines of demarcation between the two
> systems." *Id*. For this reason, federal district
> courts lack subject matter jurisdiction to review
> state court decisions. *See Feldman*, 460 U.S. at
> 482.
>
> In the present, in the underlying state action the
> [state court] denied [the plaintiff's] motion to
> compel arbitration of defendants' counterclaim.
> Defendants argue, and this Court agrees, that by
> filing a petition to compel arbitration in this
> Court, [the plaintiff] essentially requests this
> Court to overturn the state court ruling denying
> arbitration. This, the Court cannot allow.

> "Where federal relief can only be predicated upon
> a conviction that the state court was wrong, it is
> difficult to conceive the federal proceeding as,
> in substance, anything other than a prohibited
> appeal of the state-court judgment." *Pennzoil Co.
> v. Texaco Inc*., 481 U.S. 1, 25 (1987) (Marshall,
> J., concurring in the judgment).

*Id*. at 414-15 (citations omitted).  *See also Brown & Root, Inc*.
*v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000)("Brown & Root
took its best shot on its motion to compel arbitration in the
state courts.  It lost in that effort and now seeks to avoid the
*Rooker-Feldman* bar by attempting to recast in various ways what
occurred in the state trial court.  But no matter how many ways
Brown & Root tries to renovate its claim, the result is the same:
Brown & Root cannot obtain what amounts to appellate review of a
state court decision in federal district court"); *Mailly v.
Wachovia Corp*., No. 1:03CV309, 2004 WL 601654, at *3 (M.D.N.C.
Mar. 9, 2004)("As reflected by its order compelling arbitration,
the state court already found a valid arbitration clause
governing the disputes regarding Ms. Mailly's account.
Therefore, Ms. Mailly is, in essence, seeking review of the state
court's order to compel arbitration, and the *Rooker-Feldman*
doctrine applies"); *Tyco Healthcare Retail Group, Inc. v.
Kimberly-Clark Corp*., No. 03-C-0156-C, 2003 WL 23204653, at *4
(W.D. Wis. July 24, 2006)("Thus, because the state court
determined that the parties must arbitrate their dispute
concerning royalty payments, succession and combination and

23 - OPINION AND ORDER

because plaintiffs alleged these issues in their amended
complaint, the *Rooker-Feldman* doctrine bars this court from
revisiting the state court's decision to compel arbitration as to
these issues.").

Finally, in *Brown v. General Steel Domestic Sales, LLC,* the
district court noted:

> Although the [Ninth] [C]ircuit has not addressed
> whether the *Rooker-Feldman* doctrine applies to
> state court decisions on motions to compel
> arbitration, *Kougasian[v. TMSL, Inc.*, 359 F.3d
> 1136 (9th Cir. 2004)] suggests that it is
> applicable [when] the losing party in state court
> . . . seeks relief from the state order in federal
> court.  Here, [the plaintiffs] *de facto* seek
> relief from an adverse state court ruling, and
> recent unpublished decisions from the Ninth
> Circuit suggest that the *Rooker-Feldman* doctrine
> bars such an action.  *See, e.g., Hanson v. Firmat*,
> No. 06-56118, 2008 WL 836686, at *1 (9th Cir.
> Mar. 27, 2008)("The district court properly
> concluded that the *Rooker-Feldman* doctrine bars
> Hanson's action because it is a 'forbidden *de
> facto* appeal' from judicial decisions of a state
> court, and raises constitutional claims that are
> 'inextricably intertwined' with those prior state
> court judgments"); *Kobayashi v. Racho*, No.
> 07-55242, 2008 WL 833144, at *1 (9th Cir. Mar. 26,
> 2008)("The district court properly determined that
> the *Rooker-Feldman* doctrine bars Kobayashi's claim
> that a judgment dismissing a prior state court
> case is invalid and void because it is a
> 'forbidden de facto appeal' from a judicial
> decision of a state court").

No. CV 08-00779 MMM (Shx), 2008 WL 2128057, at *5 n.37 (C.D. Cal.
May 19, 2008).

Defendants do not point to any case that suggests they may
seek a *de facto* appeal of the state-court decision related to

arbitrability, and the Court finds persuasive the reasoning of *Stillwell, International Cement*, and other cases in which the courts address the applicability of the *Rooker-Feldman* Doctrine in the context of arbitration clauses.

In summary, because Defendants did not appeal the state-court decision in the state system and the doctrines of *res judicata* and *Rooker-Feldman* bar a *de facto* appeal of that decision in this Court, the Court denies Defendants' Motion to Compel Arbitration.

**<u>CONCLUSION</u>**

For these reasons, the Court **DENIES** Defendants' Motion (#7) to Compel Arbitration and Stay Proceedings.

The Court will schedule a Rule 16 conference in the near future to set a case-management schedule in this matter. In the meantime, counsel should confer and, before the Rule 16 conference submit a jointly proposed schedule to complete discovery and to prepare for trial.

IT IS SO ORDERED.

DATED this 14th day of November, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge